UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMED ADABI MOTLAGH,<br><br>                             Petitioner,<br><br>v.<br><br>PATRICK DIVVER, Field Office Director of Enforcement and Removal Operations, San Diego Field Office, Immigration and Customs Enforcement; TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; TODD BLANCHE, U.S. Attorney General; CHRISTOPHER J. LAROSE, Warden of Otay Mesa Detention Facility,<br><br>                             Respondents. | Case No.:  26-CV-2931-JAO (MSB)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner Hamed Adabi Motlagh's Petition for Writ of Habeas Corpus ("Pet.," ECF No. 1).  Also before the Court are Respondents Patrick Divver's (San Diego Field Office Director of Enforcement and Removal Operations, U.S. Immigrations and Customs Enforcement), Markwayne Mullin's (Secretary of the Department of Homeland Security), Todd Blanche's (Acting Attorney General), Todd M. Lyon's (Acting Director, Immigration and Customs Enforcement), and Christopher LaRose's (Warden at Otay Mesa Detention Center) Response to Petitioner's Habeas

1

Petition ("Resp.," ECF No. 4).  For the reasons set forth below, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus.

## BACKGROUND

Petitioner, born in Iran, entered the United States on or about March 2025 and immediately presented himself to immigration officials, upon which he was immediately detained.  ECF No. 1 at 6.  Petitioner was issued a notice to appear on July 1, 2025.  *Id.* Though Petitioner applied for asylum, on January 28, 2026, an Immigration Judge denied his application, ordered Petitioner removed from the United States, and granted withholding of removal that same day.  *Id.* at 2; ECF No. 4 at 1.  The Department of Homeland Security reserved appeal, though it did not file an appeal before the appeal period lapsed on February 27, 2026.  ECF No. 1 at 2.  Petitioner has no further hearings scheduled and remains in detention at the Otay Mesa Detention Facility in San Diego, California.  *Id.* at 2; 6.

Petitioner claims that their continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001), 8 U.S.C. § 1231(a), and the Due Process Clause of the Fifth Amendment. *Id.* at 14–17.  Respondents state that they are unable to ascertain facts at this time to establish a significant likelihood of removal in the reasonably foreseeable future, and acknowledge that Petitioner is entitled to be released from custody subject to conditions of supervision.  ECF No. 4 at 1–2.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241.  *See* 28 U.S.C. § 2241(a).  The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals.  *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)).  However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—

federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*, 138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

### DISCUSSION

When an alien is denied asylum, granted withholding of removal under 8 U.S.C. § 1231(b)(3), and ordered removed, they must be detained for ninety days (90) pending the government's efforts to secure their removal to a third country. *See* 28 U.S.C. § 1231(a)(2). This ninety-day period is referred to as the "removal period." § 1231(a)(1)(A). After the removal period, this statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" and "does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). A six-month period of post-removal detention constitutes a "presumptively reasonable period of detention." *Id.* at 701. After this six-month period passes, the petitioner has the burden to "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If petitioner satisfies their initial burden, it then shifts to the Government to rebut that showing. *Id.* "[F]or detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. In that case, the alien's release may be conditioned on any of the various forms of conditioned release. *Id.* at 700.

"[T]he removal period begins when an alien is 'ordered removed,' and the removal order becomes 'administratively final.'" *Johnson v. Guzman Chavez*, 594 U.S. 523, 534 (2021).

Section 1231(a)(1)(B) states that:

The removal period begins on the latest of the following:

26-CV-2931-JAO (MSB)

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

The Court finds that Petitioner has satisfied their initial burden. Petitioner argues, and Respondents concede, that no sufficient facts exist to establish a significant likelihood of removal in the reasonably foreseeable future. Pet. at 11; Resp. at 1–2. Accordingly, the Court **GRANTS IN PART** the Amended Petition.

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1), and **ORDERS** Respondents to immediately release Petitioner from custody, subject to supervision under regulations prescribed by the Attorney General, including the requirements of 8 U.S.C. § 1231(a)(3). The Parties are **ORDERED** to file a Joint Status Report by <u>May 26, 2026</u>, confirming that Petitioner has been released.[1] As this concludes the litigation in this case, the Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: May 19, 2026



Jill A. Otake
United States District Judge

---

[1] Petitioner requested attorney's fees, related expenses, and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *See* ECF No. 1 at 17. Petitioner's counsel may submit an appropriate EAJA fee application within 30 days of the issuance of this Order. *See* 28 U.S.C. § 2412(d)(1)(B).

26-CV-2931-JAO (MSB)